# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

PRESTON ALONZO HOWELL,   No. 2:12-CV-1901-KJM-CMK-P

    Petitioner,

  vs.   <u>FINDINGS AND RECOMMENDATIONS</u>

RICKY HILL,

    Respondent.

    _____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 12) the petition as second or successive and also as untimely.

## I. BACKGROUND

    Petitioner was convicted of assault with a deadly weapon and two counts of forcible rape on May 21, 1998. Petitioner was sentenced to a determinate term of 18 years plus an indeterminate life term with the possibility of parole after 15 years. Petitioner's conviction and sentence were affirmed on direct appeal on August 5, 1999. The California Supreme Court denied direct review on October 20, 1999.

Petitioner then filed twelve pro se post-conviction actions:[1]

| | | |
|---|---|---|
| 1st Petition | Sacramento County Superior Court<br>Filed January 13, 2000<br>Denied February 9, 2000 | |
| 2nd Petition | Sacramento County Superior Court<br>Filed March 29, 2000<br>Denied May 1, 2000 | |
| 3rd Petition | California Court of Appeal<br>Filed May 30, 2000<br>Denied June 15, 2000 | |
| 4th Petition | California Supreme Court<br>Filed June 22, 2000<br>Denied October 25, 2000 | |
| 5th Petition | Sacramento County Superior Court<br>Filed August 15, 2001<br>Denied September 19, 2001 | |
| 6th Petition | California Court of Appeal<br>Filed October 31, 2001<br>Denied November 8, 2001 | |
| 7th Petition | California Supreme Court<br>Filed November 30, 2001<br>Denied May 15, 2002 | |
| 8th Petition | Sacramento County Superior Court<br>Filed March 19, 2007<br>Denied April 23, 2007 | |
| 9th Petition | California Court of Appeal<br>Filed May 27, 2007<br>Denied May 31, 2007 | |
| 10th Petition | California Supreme Court<br>Filed June 11, 2007 | |

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court. The so-called "prison mailbox rule" has been extended to apply to other legal documents submitted to the court by prisoners. See e.g. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating rule in terms of any "legal document" submitted by a pro se prisoner). Wherever possible, the mailbox rule has been applied to all filing dates in this case.

|  |  |  |
|---|---|---|
|  |  | Denied November 14, 2007 |
|  | 11th Petition | California Court of Appeal<br>Filed December 20, 2011<br>Denied December 29, 2011 |
|  | 12th Petition | California Supreme Court<br>Filed January 10, 2012<br>Denied May 9, 2012 |

Petitioner has also filed a prior federal petition challenging the May 21, 1998, conviction, Howell v. Lamarque, E. Dist. Cal. case no. 2:02-CV-1376-GEB-JFM-P. That case was denied on the merits on March 13, 2006, and the Ninth Circuit Court of Appeals denied a certificate of appealability on August 13, 2007. The current petition was filed on July 17, 2012.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Second or Successive Petitions

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

/ //

/ / /

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

### B. Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

/ / /

/ / /

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

### III. DISCUSSION

The court agrees with respondent that the current petition is a second or successive petition.  To the extent it raises the same claims which were previously decided on the merits, the current petition must be dismissed.  See 28 U.S.C. § 2244(b)(1).  To the extent it raises new claims, the current petition must also be dismissed because petitioner has not obtained prior authorization from the Ninth Circuit to file a second or successive petition in this court. See 28 U.S.C. § 2244(b)(3); see also Cooper, 274 F.3d 1270.[2]

---

[2] In his opposition to respondent's motion to dismiss, petitioner acknowledges as much by stating: "Petitioner asks of this court for leave to file a petition with the Ninth Circuit Court of Appeals for an application to consider the petition for an order authorizing the district court to consider the application before it."  While petitioner appears to have the procedure somewhat confused in that it is not for this court to grant authorization to file a second or successive petition, he seems to understand that he cannot proceed in this court without prior authorization from the Ninth Circuit.

It is also clear that the current petition is untimely.  Regardless of whether petitioner is entitled to interval tolling anywhere along the line between various state court petitions while moving up the various levels of state court, it is absolutely certain that the one-year limitations period expired during (if not prior to) the nearly five-year period between the California Supreme Court's denial of petitioner's 7th post-conviction action and the filing of the 8th post-conviction action.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 13, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE